IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 24-14130 CA01 (27)

**FELISHA WILLIAMS,**

**Plaintiff,**

v.

**MIAMI-DADE COUNTY,
CITY OF MIAMI BEACH,
MIAMI-DADE POLICE OFFICER TERRELL JONES, in his individual capacity,
MIAMI-DADE POLICE OFFICER S. SIMONS (Badge # 9906), in his individual capacity,
CITY OF MIAMI BEACH DETECTIVE FUENTES, in his individual capacity, and JOHN
DOE POLICE OFFICERS 1-10**

**Defendants.**

_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff Felisha Williams, by and through her undersigned hereby files this Complaint for Damages and Declaratory Judgment against Defendants Miami-Dade County, City of Miami Beach, Miami-Dade Police Officer Terrell Jones, Miami-Dade Police Officer S. Simons (Badge # 9906), City of Miami Beach Detective Fuentes and John Doe Police Officers 1-10, and alleges as follows:

**I. INTRODUCTION**
1. This is an action for damages and declaratory judgment arising from the unlawful actions of law enforcement officers from Miami-Dade County and the City of Miami Beach, which resulted in Plaintiff's injuries, emotional distress, and property damage.

**II. JURISDICTION AND VENUE**
2. This Court has jurisdiction over this action pursuant to Article V, Section 5 of the Florida Constitution and Florida Statutes § 26.012.
3. Venue is proper in Miami-Dade County, Florida, as the events giving rise to this action occurred in Miami-Dade County, and the Defendants reside or are located in Miami-Dade County.

### III. PARTIES
4. Plaintiff Felisha Williams is a resident of Miami-Dade County, Florida.
5. Defendant Miami-Dade County is a political subdivision of the State of Florida.
6. Defendant City of Miami Beach is a municipal corporation within Miami-Dade County, Florida.
7. Defendant Miami-Dade Police Officer Terrell Jones and S. Simon is a law enforcement officer employed by Miami-Dade County and is sued in his individual capacity.
8. Defendant City of Miami Beach Detective Fuentes is a law enforcement officer employed by City of Miami Beach and is sued in his individual capacity.
9. Defendants John Doe Police Officers 1-10 are unidentified law enforcement officers employed by Miami-Dade County and/or City of Miami Beach, whose identities are currently unknown but will be substituted as they become known through discovery.

### IV. FACTUAL ALLEGATIONS
10. On October 19, 2022, Plaintiff Felisha Williams drove her vehicle, a gray 2-door sedan, to the Roundtable Bar located at 111th Street and 7th Avenue, Miami, Florida.
11. Upon exiting her vehicle, Miami-Dade Police Officer Terrell Jones and Miami-Dade Police Officer S. Simons, without cause or provocation, discharged their firearm, striking Plaintiff's vehicle and shattering its window.
12. Unaware of who was shooting, Plaintiff re-entered her vehicle and called 911.
13. The 911 dispatcher informed Plaintiff that police were on the scene for her.
14. Plaintiff was subsequently ordered out of her vehicle by law enforcement officers, handcuffed, and placed in a Miami-Dade Police vehicle.
15. Plaintiff was later transferred to a Miami Beach Police vehicle, where she remained handcuffed for a total of three hours.
16. Plaintiff was interrogated and was not read her Miranda Rights by City of Miami Beach Detective Fuentes.
17. During her detention, Plaintiff's vehicle sustained severe damage from the gunfire.
18. After three hours of detention, Plaintiff was released without being charged with any criminal offense.
19. The actions of Officer Terrell Jones, Officer S. Simons, and other law enforcement officers caused Plaintiff significant emotional distress, humiliation, and physical discomfort.
20. Plaintiff's rights under the United States and Florida Constitutions, as well as Florida common law, were violated by the Defendants' actions.

### V. CLAIMS FOR RELIEF
**COUNT I: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Excessive Force)**
21. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
22. Defendant Terrell Jones, acting under color of state law, used excessive force against Plaintiff in violation of her Fourth Amendment rights.
23. As a direct and proximate result of Defendant Jones's actions, Plaintiff suffered damages, including emotional distress and property damage.

### COUNT II: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Unlawful Arrest and Detention)

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
25. Defendants unlawfully detained Plaintiff without probable cause, in violation of her Fourth Amendment rights.
26. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT III: BATTERY

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
28. Defendant Terrell Jones's intentional act of discharging his firearm at Plaintiff's vehicle constitutes battery under Florida law.
29. As a direct and proximate result of Defendant Jones's actions, Plaintiff suffered damages, including emotional distress and property damage.

### COUNT IV: FALSE IMPRISONMENT

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
31. Defendants' actions in detaining Plaintiff without lawful justification constitute false imprisonment under Florida law.
32. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT V: INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
34. The conduct of Defendants was intentional or reckless and caused severe emotional distress to Plaintiff.
35. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress and other damages.

### COUNT VI: PROPERTY DAMAGE

36. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
37. Defendant Terrell Jones's actions resulted in significant damage to Plaintiff's vehicle.
38. As a direct and proximate result of Defendant Jones's actions, Plaintiff suffered property damage and related expenses.

### COUNT VII: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985(3)

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.

40. Defendants, acting in concert and with the purpose of depriving Plaintiff of equal protection of the laws, conspired to violate Plaintiff's civil rights.
41. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT VIII: ACTION FOR NEGLECT TO PREVENT UNDER 42 U.S.C. § 1986

42. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
43. Defendants, acting in concert and with the purpose of depriving Plaintiff of equal protection of the laws, conspired to violate Plaintiff's civil rights.
44. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT IX: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

45. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
46. Plaintiff is a qualified individual with a disability as defined in the ADA.
47. Defendants discriminated against Plaintiff on the basis of her disability by subjecting her to unlawful arrest, detention, and excessive force.
48. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT X: VIOLATION OF THE REHABILITATION ACT OF 1973

49. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
50. Plaintiff is a qualified individual with a disability under the Rehabilitation Act.
51. Defendants' actions occurred in a program or activity receiving federal financial assistance and discriminated against Plaintiff on the basis of her disability.
52. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including emotional distress and loss of liberty.

### COUNT VII: FITH AMENDMENT MIRANDA RIGHTS

53. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth herein.
54. Defendants, acting in concert and with the purpose of depriving Plaintiff of equal protection of the laws, conspired to violate Plaintiff's civil rights.
55. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including emotional distress and loss of liberty.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Felisha Williams respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

A. Compensatory damages in an amount to be Five Million (5,000,000.00);

B. Punitive damages against the individual Defendants for their egregious conduct;
C. Declaratory judgment that Defendants' actions violated Plaintiff's constitutional rights;
D. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;
E. Any other relief this Court deems just and proper.

*[Signature]* 7/29/24

Felisha Williams
305·783·0238
felishawilliams1977@gmail.com

2381 NW 132ND ST
Miami, FL 33167

JOAS PETITHOMME
Notary Public
State of Florida
Comm# HH265318
Expires 5/18/2026

*[Notary Signature]*

July 29, 2024