**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-24003-ALTMAN**

**FELISHA WILLIAMS**,

    *Plaintiff*,

v.

**CITY OF MIAMI BEACH**,

    *Defendant*.

_____/

**ORDER STRIKING MOTION TO STAY**

Our Plaintiff, Felisha Williams, has moved to stay these proceedings. *See* Motion to Stay Proceedings (the "Stay Motion") [ECF No. 36]. We'll **STRIKE** her motion because she has, for the *third* time, failed to comply with Local Rule 7.1(a)(2).[1] We warned the Plaintiff that we'd dismiss her action under Federal Rule of Civil Procedure 41(b) if she again failed to comply with our Local Rules. *See* Paperless Order Dismissing Defendants [ECF No. 27] ("Once again, the Plaintiff failed to comply with Local Rule 7.1(a)(3), which required her to certify that she conferred or attempted to confer with the other parties in this case 'prior to filing any motion' (with a few exceptions that don't apply here). . . . If she again fails to comply with the Local Rules, we'll dismiss her action under Rule 41(b)."). Of course, we can't do that anymore because we granted the City of Miami Beach's Motion to Dismiss [ECF No. 32] by default after the Plaintiff failed to oppose it. *See* Paperless Order Granting Defendant's Motion to Dismiss [ECF No. 35]. But make no mistake—we'd deny the Stay Motion even if the Plaintiff had complied with the Local Rules.

---

[1] Local Rule 7.1(a)(2) was renumbered from 7.1(a)(3) in the latest revisions.

**BACKGROUND**

This case began in state court, where the Plaintiff sued Miami-Dade County, the City of Miami Beach, and three police officers in their individual capacities. *See* State-Court Complaint [ECF No. 1-3]; *see also* Complaint [State ECF No. 1], *Williams v. Jones*, No. 2024-014130-CA-01 (Fla. Miami-Dade Cnty. Ct. July 29, 2024). The state-court docket reflects that the Plaintiff served her Complaint on the City of Miami Beach—and *only* the City of Miami Beach—on September 27, 2024. *See* Return of Service on City of Miami Beach [State ECF No. 10] at 2. The City then removed this case to us on October 17, 2024, *see* Notice of Removal [ECF No. 1]—well within the thirty days permitted by the removal statute, *see* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

At the time of the removal, no other Defendant had been served. The Plaintiff had *commenced* service on Miami-Dade County, but that summons was returned unserved on October 25, 2024, because it didn't comply with Florida law. *See* First Return of Service on Miami-Dade County [State ECF No. 13] at 1 (reflecting that the summons was "unserved").[2] The Plaintiff evidently accepted that her first attempt to serve the County was defective because on November 4, 2024—eighteen days *after removal*—she re-issued a state-law summons on the County, and *that* summons was eventually served. *See* Second Return of Service on Miami-Dade County [State ECF No. 16] (reflecting service on

---

[2] The Return reflects that the Plaintiff attempted to serve the County by delivering her summons to the Miami-Dade County Attorney's Office. *See* Return of Service on Miami-Dade County at 2. But Florida Statute § 48.111, which governs "[s]ervice on public agencies and officers," provides that process against any "municipal corporation" or "subdivision of the state or any county which has a governing board" must be made first on that public entity's "registered agent," or, if the entity doesn't have an agent, on its "president, mayor, chair, or other head[.]" FLA. STAT. § 48.111(1)(a)–(b). The entity's "in-house attorney[s]" may be served only "in the absence of" the mayor (and the vice-mayor). *See* FLA. STAT. § 48.111(1)(b)(1)–(3). So, it's clear to us that the Plaintiff's attempt to serve the County by serving its attorneys in the first instance violated state law and was correctly rejected.

2

November 13, 2024). So far as we can tell from the state-court docket, the Plaintiff never attempted (let alone accomplished) service on any other Defendant.

Noting that the City's removal restarted the Plaintiff's time to serve the un-served Defendants,[3] we ordered the Plaintiff to serve the remaining Defendants by January 15, 2025—ninety days after the date of removal. *See* Paperless Order to Show Cause [ECF No. 15] ("Because [the Plaintiff's] time to effect service started to run from the date of removal, October 17, 2024, she has until January 15, 2025, to serve the remaining Defendants."). On January 14, 2025, the day before our deadline, the Plaintiff requested more time to serve the Defendants. *See* Motion to Extend Time to Serve Defendants [ECF No. 18]. Paradoxically, although the Plaintiff sought an extension of time to effect service, she also claimed that "all parties [had been] served" in her state-court case. Motion to Extend Time at 1. The next day, we gave her two more weeks to serve the remaining Defendants. But we also explained that her state-court service efforts weren't adequate in federal court:

> *Second*, the Plaintiff claims that "all parties were served" in her underlying state-court case. But we've reviewed the docket, and that's just not true. Only the City of Miami Beach was served before this case was removed. Almost three weeks *after* this case was removed (on October 17, 2024), the Plaintiff issued a *new state-law summons* in her state case on Defendant Miami-Dade County, which was eventually returned executed. But, after a case has been removed, *new* process "must be issued in the same manner as in cases originally filed in [federal] district court." 28 U.S.C. § 1448. **In other words, after removal, Federal Rule of Civil Procedure 4(a) required the Plaintiff to serve a *federal-law summons*.** Her time to do so began to run on October 17, 2024, and she's had ample time to comply.

Paperless Order Granting the Plaintiff's Motion to Extend Time to Serve Defendants [ECF No. 20] (citations omitted and emphasis added in bold). Rather than effect the required federal-law service,

---

[3] The removal statute allows "new process" in the removed case to be "issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Construing the statute, "[c]ourts have consistently held that the 90-day [Rule 4(m)] period runs from the date of removal, not the date the plaintiff filed the petition in state court." *Taylor v. Clark Equip. Co.*, 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022) (collecting cases).

3

the Plaintiff filed two more motions in which she insisted, notwithstanding our order, that her state-court service efforts *were* sufficient. *See* "Motion" for Hearing [ECF No. 21] at 1 ("[A]ll documents [ ] have been serve[d] as of today now [sic] do I have to send a sheriff back out to have them reserve[d] even doe [sic] I did not requ[es]t the removal?"); Motion to Move Forward with Proof of Service [ECF No. 23] at 2 ("Plaintiff initiated this action in state court and properly served all Defendants[.] . . . On November 13, 2024, Plaintiff properly served Miami-Dade County[.] . . . Pursuant to Fed. R. Civ. P. 4(j)(2) and 28 U.S.C. § 1448, Miami-Dade County has been properly served."). In disposing of both of those motions, we explained *again* that the Plaintiff was wrong, and that she was obligated to serve "new process" under federal law. Paperless Order Striking "Motion" For Hearing [ECF No. 22] ("[T]he Plaintiff is rehashing her argument that whatever service she already effected is enough. She's wrong. The Plaintiff's service on the City of Miami Beach is obviously sufficient; the City removed this case. But, as we explained in our last Order, the Plaintiff has failed to serve any other party in accordance with the Federal Rules."); Paperless Order Dismissing Defendants ("The Motion rehashes (again) the Plaintiff's argument that she properly served the other Defendants. We have repeatedly explained to her that she's wrong."). Since the Plaintiff never served any Defendant besides the City before our extended deadline, we ultimately dismissed all other Defendants and ordered the case to proceed. *See* Paperless Order Dismissing Defendants. The City then moved to dismiss the action. *See generally* Motion to Dismiss. After the Plaintiff failed to oppose the Motion (or request more time to oppose it), we granted it by default and dismissed this case. Paperless Order Granting Motion to Dismiss (citing L.R. 7.1(c)(1)).

After we dismissed this case, the Plaintiff filed her Stay Motion. In it, she argues that "[b]ecause Miami-Dade County was dismissed due to procedural complications"—namely, the fact that she served Miami-Dade County after the removal—she's entitled to a stay "to allow reinstatement of

4

Miami-Dade County in this case." Stay Mot. at 2–3. "Courts have discretion," she asserts, "to vacate dismissals if procedural confusion caused prejudice." Stay Mot. at 3. She also cites Rule 60(b). *Ibid.*

**ANALYSIS**

We're striking the Stay Motion because the Plaintiff failed to comply with Local Rule 7.1(a)(2). Although ordinarily we'd end our analysis here, we think it's necessary to address the Plaintiff's alleged "procedural confusion." "[W]e generally do not excuse *pro se* litigants' procedural mistakes." *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014) (affirming dismissal of *pro se* litigant's case for failure to comply with a court order). And, in truth, we think that the Plaintiff's refusal to heed our orders can't be characterized as a mistake. Even if the Plaintiff initially believed that her November 2024 state-court service on the County was valid, we told her on January 15, 2025—fourteen days ahead of her new service deadline—that, "after removal, Federal Rule of Civil Procedure 4(a) required [her] to serve a federal-law summons." Paperless Order Granting Motion to Extend Time. We made clear, in other words, that her state-court service on the County didn't satisfy the Federal Rules. *Ibid.* We did so *again* on January 29, 2025, the date of her new service deadline. Paperless Order Striking "Motion" for Hearing ("[A]s we explained in our last Order, the Plaintiff has failed to serve any other party in accordance with the Federal Rules."). In both orders, we warned her that the consequence of failing to timely serve the un-served Defendants would be the dismissal of those Defendants. *See* Paperless Order Granting Motion to Extend Time ("If she fails *either* to serve the remaining Defendants *or* to file proof of service, we'll dismiss those Defendants without further notice."); Paperless Order Striking "Motion" For Hearing ("The Plaintiff must *serve* the remaining Defendants by January 29, 2025. She must file *proof of service* by February 5, 2025. As we've told her already, if she fails to comply with *either* of those deadlines, we'll dismiss the remaining Defendants without further notice."). Those orders should have dispelled any "confusion" the Plaintiff might have

harbored. At any rate, she doesn't explain why those orders are clearer to her now than when we issued them.

It's for these reasons that we wouldn't grant the Stay Motion *even if* the Plaintiff re-raised it after complying with Local Rule 7.1(a)(2). For one thing, we can't construe the Stay Motion literally because we can't stay a dismissed case. For another, even liberally construing the Stay Motion as a Rule 60(b) motion, nothing in that rule enables us to undo one of our orders based on a party's inexcusable disregard of our instructions. "Rule 60(b) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Outsourcing Mgmt. Ltd. v. My Goals Sols. Inc.*, 2024 WL 4930611, at *1 (S.D. Fla. Dec. 2, 2024) (Altman, J.) (quoting *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986)). It "requires the moving party to 'demonstrate a justification for relief so compelling that the district court [is] required to grant [the] motion.'" *Ibid.* (quoting *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (cleaned up)). Under the Rule, there are six bases on which we may relieve a party from our judgment. Only the first, "mistake, inadvertence, surprise, or excusable neglect," would seem to apply here. *Ibid.* (quoting FED. R. CIV. P. 60(b)(1)–(6)). But, even if we accept that the Plaintiff initially made a "mistake" of law within the meaning of the Rule, we clarified her service obligations well in advance of her deadline to comply. After we granted her first extension motion, the Plaintiff never requested additional time to comply. Nor did she ask us to retroactively extend her time to effect service after we dismissed the County from this case. Instead, she waited until after her *entire case* was dismissed—after she completely failed to oppose the City's Motion to Dismiss—to ask us for more "time to refile against Miami-Dade County in state or federal court." Stay Mot. at 4. We take no position on the viability of any claim the Plaintiff may have against the County in *state court*. But we won't allow her to re-open *this* case to complete the service efforts she could have made at any time since last October.

\* \* \*

Accordingly, we **ORDER** and **ADJUDGE** as follows:

1. The Plaintiff's Motion to Stay Proceedings [ECF No. 36] is **STRICKEN**.

2. This case remains **CLOSED** and **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on March 20, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Felisha Williams, *pro se*